NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YELKA NOELIA LA FUENTE ACOSTA; CAMILA MILAGROS CLAVIJO LA FUENTE; STEPHANO JESUS CLAVIJO LA FUENTE; ZITTO HANS CLAVIJO LA FUENTE; KRISTEN MIREYDA MARQUEZ LA FUENTE,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3990

Agency Nos.
A240-046-056
A220-961-009
A220-961-010
A240-050-939
A240-046-055

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Petitioners, a mother and four of her children, are natives and citizens of

Peru. They petition for review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirmance of an Immigration Judge's ("IJ") decision to deny their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here except as they pertain to our ruling.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. "[O]ur review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). Here, the BIA expressly adopted the IJ's decision without opinion.

With regards to petitioners' eligibility for asylum and withholding of removal, substantial evidence supports the IJ's conclusion that Petitioners failed to demonstrate past persecution or a well-founded fear of future persecution. The IJ pointed to specific measures that the government of Peru has taken to combat the Los Racateros de Huascaran gang, such as arresting its members. This supports the IJ's conclusion that the harm inflicted was not from "forces that the government was unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation and quotation omitted). Furthermore, Petitioners never told the police that they believed the Los Racateros de Huascaran gang was behind the threats and harassment, or their belief that these gang members were looking for Jhony. Given that the police lacked this information,

their inability to stop the harassment is insufficient to establish that the Peruvian government is unable or unwilling to control the Los Racateros de Huascaran gang. The IJ also cited the current measures the government is taking to combat the gang. Therefore, we are not "compelled to conclude to the contrary"—that the IJ erred by finding no government role in any potential future harm. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

For the same reasons, substantial evidence also supports the IJ's conclusion regarding Petitioners' CAT claim, that they will not be tortured with the acquiescence of the government. *See* 8 C.F.R. § 1208.18(a).

**PETITION DENIED.**